JAMES R. SCHIPPER, District Attorney, Vernon County
You have asked whether a court under sec. 345.60, Stats., may waive the revocation of the operating privilege when a person is convicted of operating under the influence of an intoxicant a second or subsequent time within a five-year period. It is my opinion that this cannot be done.
I have discussed this in a previous opinion, a copy of which is enclosed. Section 345.60 (1), Stats., provides that a court may order a convicted person to attend traffic safety school, in addition to or in lieu of other penalties. I think this clearly refers to other penalties imposed by the court. For a first offense of driving while *Page 32 
intoxicated, the penalty now is a forfeiture of up to $200. See sec. 346.65 (2), Stats., as amended by ch. 278, Laws of 1971. Also, the court is required to revoke the operating privilege for not less than 90 days nor more than six months. See sec. 343.30
(1q), Stats. These penalties, imposed by the court, are the ones which can be waived by the court when ordering the defendant to attend traffic safety school under sec. 345.60, Stats.
However, at the present time, a second or subsequent offense of driving while intoxicated is criminal and punishable by imprisonment of not less than five days nor more than one year. A fine of up to $500 may also be imposed by the court. See sec.346.65 (2), Stats., as amended by ch. 278, Laws of 1971. These penalties may be waived by the court in ordering the defendant to attend traffic safety school under sec. 345.60, Stats. The court is not required to revoke the operating privilege for such second or subsequent offense, although the court has this discretionary power under sec. 343.30 (1), Stats. However, sec. 343.31 (1) (b), Stats., imposes upon Division of Motor Vehicles the mandatory duty to revoke the operating privilege for one full year for such second or subsequent conviction of driving while intoxicated. The convicting court has no authority to waive this revocation or to interfere with the performance of the duty of the Division of Motor Vehicles in this respect. Of course, the order of revocation entered by the Division of Motor Vehicles would be subject to judicial review in circuit court as provided by ch. 227, Stats.
It is, therefore, my opinion that sec. 345.60, Stats., authorizes the convicting court to waive only a revocation by the court, and that such court cannot waive the revocation ordered by the Division of Motor Vehicles under sec. 343.31, Stats.
RWW:AOH